1   Robert A. Bailey (# 214688)
      rbailey@afrct.com
2   E. Christine Hehir (# 201969)
      chehir@afrct.com
3   ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
4   199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
5   Telephone:  (626) 535-1900
    Facsimile:   (626) 577-7764
6
7   Attorneys for Defendant WELLS FARGO
    BANK, N.A., successor by merger with Wells
8   Fargo Bank Southwest, N.A., formerly known
    as Wachovia Mortgage, FSB, formerly known
    as World Savings Bank, FSB ("Wells Fargo")
9

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13  ROBERT QUINTERO, an individual,          CASE NO.:  3:13-CV-04937-JSC

14                                           [The Honorable Jacqueline S. Corley]
                    Plaintiff,
15
                                             **DEFENDANT WELLS FARGO BANK,**
16      vs.                                  **N.A.'S MOTION TO DISMISS THE**
                                             **COMPLAINT PURSUANT TO F.R.C.P.**
17                                           **RULE 12(b)(6)**
    WELLS FARGO BANK, N.A., SUCCESSOR
18  BY MERGER TO WACHOVIA                    **HEARING**
    MORTGAGE, FSB FORMERLY KNOWN             Date:      **December 12, 2013**
19  AS WORLD SAVINGS BANK, FSB; a            Time:      **9:00 a.m.**
    business entity; and DOES 1 through 50,  Ctrm:      **F, 15th Floor**
20  inclusive,
21
                    Defendants.
22

23  **TO PLAINTIFF AND HIS COUNSEL OF RECORD HEREIN:**

24          **PLEASE TAKE NOTICE** that on **December 12, 2013 at 9:00 a.m.** in **Courtroom F** of

25  the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102,

26  the Honorable Jacqueline S. Corley presiding, defendant WELLS FARGO BANK, N.A.,

27  successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as WACHOVIA

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   MORTGAGE, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") will move

2   for an order dismissing the complaint of ROBERT QUINTERO (plaintiff) for failure to state a

3   claim pursuant to Rule 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

4          This motion is based on this notice, the memorandum of points and authorities, the

5   request for judicial notice, the pleadings and on Wells Fargo's argument at the hearing on this

6   motion, if any.

7                                          Respectfully submitted,

8   Dated:  October 31, 2013              ANGLIN, FLEWELLING, RASMUSSEN,
                                            CAMPBELL & TRYTTEN LLP
9

10                                         By:    /s/ Christine Hehir
                                                  Christine Hehir
11                                                chehir@afrct.com
                                           Attorneys for Defendant WELLS FARGO BANK,
12                                         N.A., successor by merger with Wells Fargo Bank
                                           Southwest, N.A., formerly known as Wachovia
13                                         Mortgage, FSB, formerly known as World Savings
                                           Bank, FSB ("Wells Fargo")
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

## <u>TABLE OF CONTENTS</u>

2

Page

3

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................. 1

4
1. INTRODUCTION ....................................................................................................................... 1

5
2. SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE
DOCUMENTS ............................................................................................................................... 1

6
    A. The Loan ............................................................................................................................. 1

    B. Plaintiff's Claims Against Wells Fargo ........................................................................ 2

7
3. PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA ............................................... 3

8
    A. World Savings Was a Federally Chartered Federal Savings Bank,
Operating Under HOLA at the Time of Loan Origination ............................................. 3

9
    B. OTS Regulations Promulgated Under HOLA Preempt Any State Laws
That Affect Lending .......................................................................................................... 3

10
    C. State Laws Preempted by HOLA ..................................................................................... 4

11
    D. The Application of HOLA Preempts Plaintiff's State Law Claims ............................ 4

12
        1. Claims Concerning Former Civil Code § 2923.5 Are Preempted ............... 5

13
        2. The HBOR Is Preempted By Federal Law ...................................................... 6

4. PLAINTIFF CANNOT PREVAIL ON HIS CLAIM FOR VIOLATION OF
CIVIL CODE § 2923.5 .................................................................................................................. 9

14

15
5. PLAINTIFF'S CLAIMS UNDER THE NEWLY ENACTED HBOR FAIL FOR
A NUMBER OF REASONS ...................................................................................................... 10

16
    A. Plaintiff's Claim For Violation Of Section 2923.6 (2nd) Is Without Merit .......... 10

17
        1. Plaintiff Has Previously Defaulted On A Loan Modification So
Wells Fargo Is Not Required To Re-Review Him Under HBOR ............. 10

18
        2. Plaintiff Is Not Entitled To Relief Under Civil Code Section
2923.6 Because He Did Not Comply With The Statutory
Requirements ...................................................................................................... 10

19

20
    B. Plaintiff's Civil Code § 2923.7 Claim (3rd) Fails Because The Allegations
Are Meritless ..................................................................................................................... 11

21
    C. Wells Fargo Is In Compliance With The National Mortgage Settlement
And Is Therefore Protected Under The Safe Harbor Provisions Of Civil
Code § 2924.12. ................................................................................................................ 12

22

23
6. PLAINTIFF'S FOURTH CLAIM FOR VIOLATION OF BUS. & PROF. CODE
§17200 FAILS BECAUSE PLAINTIFF FAILED TO ALLEGE ANY
UNLAWFUL, UNFAIR OR FRAUDULENT CONDUCT, AND LACKS
STANDING TO ASSERT THIS CLAIM ............................................................................... 12

24

25
7. PLAINTIFF IS NOT ENTITLED TO EQUITABLE RELIEF BECAUSE HE
FAILED TO TENDER THE AMOUNT OF HIS OUTSTANDING DEBT ................... 14

26
8. CONCLUSION .......................................................................................................................... 15

27

28

i

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Ayala v. World Savings Bank, FSB*,
  616 F. Supp. 2d 1007 (C.D. Cal. 2009) ....................................................5

*Biggins v. Wells Fargo & Co.*,
  266 F.R.D. 399 (N.D. Cal. 2009)............................................................8

*DeLeon v. Wells Fargo Bank, N.A.*,
  729 F. Supp. 2d 1119 (N.D. Cal. 2010) ....................................................3

*DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126-1128 (N.D. Cal. 2010) .............8

*Giordano v. Wachovia Mortg., FSB*,
  2010 U.S. Dist. LEXIS 136284 ..............................................................6

*Gonzalez v. Alliance Bancorp*,
  2010 U.S. Dist. LEXIS 47943 (N.D. Cal. Apr. 19, 2010) ...............................6

*Gorton v. Wells Fargo Bank N.A*,
  2013 U.S. Dist. LEXIS 86006 (C. D. Cal. June 3, 2013) ...............................6

*Guerrero v. Wells Fargo Bank, N.A.*,
  2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010)...............................5

*Johnson v. Wachovia Bank FSB*,
  2012 U.S. Dist. LEXIS 132556 (E.D. Cal. Sept. 17, 2012)..............................5

*Juarez v. Wells Fargo Bank, N.A.*,
  2009 U.S. Dist. LEXIS 110892 (C.D. Cal. Nov. 11, 2009)..............................9

*Kamp v. Aurora Loan Servs.*,
  2009 U.S. Dist. LEXIS 95245 (C.D. Cal. Oct. 1, 2009)................................10

*Murillo v. Aurora Loan Services, LLC*,
  2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009)................................6

*Nga Do v. Wells Fargo Bank, N.A.*,
  2012 U.S. Dist. LEXIS 126768 (C.D. Cal. Aug. 27, 2012).............................4

*Nodari v. Wells Fargo Bank, N.A.*,
  2012 US Dist. Lexis 1361 (C.D. Cal. Jan. 4, 2012)....................................3

*Odinma v. Aurora Loan Services*,
  2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010)..............................6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Parcray v. Shea Mortg., Inc.*,
   2010 U.S. Dist. LEXIS 40377 (E.D. Cal. Apr. 23, 2010) ........................................6

*Pinales v. Quality Loan Service Corp.*,
   2010 U.S. Dist. LEXIS 2114 (S.D. Cal. Sept. 22, 2010) ......................................6

*Quintero Family Trust v. OneWest Bank, F.S.B.*,
   2010 U.S. Dist. LEXIS 63659 (S.D. Cal. June 25, 2010) .....................................5

*Sato v. Wachovia Mortg.*, FSB,
   2011 U.S. Dist. LEXIS 75418 (N.D. Cal. Jul 13, 2011) ........................................8

*Sharma v. Wachovia*,
   2011 U.S. Dist. LEXIS 1736 (E.D. Cal. Jan. 6, 2011) ..........................................5

*Silvas v. E\*Trade Mortg. Corp.*,
   514 F.3d 1001 (9th Cir. 2008) ..........................................................................3, 4

*Tuck v. Wells Fargo Home Mortg.*,
   2012 U.S. Dist. LEXIS 97777 (N.D. Cal. July 13, 2012) ....................................4

*Young v. World Sav. Bank, FSB*,
   2011 U.S. Dist. LEXIS 143481 (S.D. Cal. Dec. 13, 2011) ..................................5

*Zarif v. Wells Fargo Bank, N.A.*
   2011 U.S. Dist. LEXIS 29867, at \*\*8-9 (S.D. Cal 2011) .....................................8

**STATE CASES**

*Abdallah v. United Savings Bank*,
   43 Cal. App. 4th 1101 (1996) .........................................................................14

*Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) ...................................................................................13

*Daro v. Superior Court*,
   151 Cal. App. 4th 1079 (2007) .......................................................................14

*Farmers Ins. Exch. v. Super. Ct.*,
   2 Cal. 4th 377 (1992) ......................................................................................13

*Gaffney v. Downey Sav. & Loan*,
   200 Cal. App. 3d 1154 (1988) .......................................................................14

*Hall v. Time, Inc.*,
   158 Cal. App. 4th 847 (2008) .........................................................................13

*Khoury v. Maly's of Cal., Inc.*,
   14 Cal. App. 4th 612 (1993) ...........................................................................13

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ........................................................................................ 13

*Lopez v. World Savs. & Loan Ass'n*,
    105 Cal. App. 4th 729 (2003) ............................................................................... 3

*Mabry v. Superior Court*,
    185 Cal. App. 4th 208 (2010) ............................................................................... 9

*Mabry v. Superior Court*,
    185 Cal. App. 4th 208 (2010) ............................................................................... 7

*MacIsaac v. Waste Mgmt. Collection and Recycling, Inc.*,
    134 Cal. App. 4th 1076 (2005) ............................................................................. 11

*Nguyen v. Calhoun*,
    105 Cal. App. 4th 428 (2003) ............................................................................. 6, 14

*Rauer's Law etc. Co. v. S. Proctor Co.*,
    40 Cal. App. 524 (1919) ...................................................................................... 14

*Saunders v. Super. Ct.*,
    27 Cal. App. 4th 832 (1994) ............................................................................... 13

*Stebley v. Litton Loan Servicing, LLP*,
    202 Cal. App. 4th 522 (2011) ............................................................................. 7, 14

**FEDERAL STATUTES**

Home Owners' Loan Act, 12 U.S.C. 1461 *et seq.* ("HOLA")............................................. *passim*

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ............................................................................ 12, 13, 14

Cal. Civ. Code § 2923.5 ......................................................................................... 6, 79

Cal. Civ. Code § 2923.6 ......................................................................................... 10, 13

Cal. Civ. Code § 2923.7 ......................................................................................... 2, 11, 12, 13

Cal. Civ. Code § 2924.12 ........................................................................................ 7, 8, 12

Cal. Civ. Code § 2924.17 ........................................................................................ 7, 8

Cal. Civ. Code § 2924 ............................................................................................. 6, 7

**REGULATIONS**

12 C.F.R. § 541.11 .................................................................................................. 3

12 C.F.R. § 545.2 ...........................................................................................................3

12 C.F.R. § 560.2(b) ............................................................................3, 4, 5, 6, 7, 8

61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) .......................................................3

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.  INTRODUCTION

Plaintiff's complaint fails to state any claim upon which relief can be granted.  It is plaintiff's last ditch effort to avoid the consequences of his years long default on a $640,000 loan he obtained from defendant Wells Fargo Bank, N.A. ("Wells Fargo")'s predecessor World Savings Bank, FSB.

The crux of plaintiff's complaint is Wells Fargo's alleged failure to comply with the terms of the newly enacted Homeowner's Bill of Rights ("HBOR") while evaluating plaintiff's loan modification request, however, plaintiff admitted he was denied his application for a modification on or about May 22, 2013.  (*See* Complaint ("Compl.") ¶19).  Moreover, plaintiff previously received a loan modification, so even if the HBOR was applicable, plaintiff's rights to be reviewed again for another modification under the HBOR do not exist as he previously received and defaulted on a first lien loan modification.

### 2.  SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS

#### A.  The Loan

On or about October, 2006, plaintiff obtained a refinance loan in the amount of $640,000.00 from World Savings Bank, FSB, secured by a deed of trust recorded against the real property and improvements commonly known as 190 Beach Park Blvd., Foster City, CA 94404 (the "Property"). (Compl. ¶8; Request for Judicial Notice ("RJN"), Ex. A ¶2 [Promissory Note]; a true and correct copy of the deed of trust is attached to the RJN as Exhibit B)  World Savings Bank, FSB subsequently changed its name to Wachovia Mortgage FSB and merged into Wells Fargo.[1]

---

[1] In January 2008, World Savings changed its name to Wachovia Mortgage, FSB.  It subsequently changed its name to Wells Fargo Bank Southwest, N.A., and, in November 2009, merged into Wells Fargo Bank, N.A. (RJN, Exs. C through G are true and correct copies of (i) a Certificate of Corporate Existence issued by the Office of Thrift Supervision ("OTS"), (ii) a letter dated November 19, 2007, on the letterhead of the OTS authorizing a name change, (iii) the Charter of Wachovia Mortgage, FSB, and (iv) an Official Certification of the Comptroller of the Currency stating that, effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.; and (v) and a printout from FDIC website that evidence this corporate progression.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Plaintiff claims that Wells Fargo never approved or denied plaintiff's June 2013 loan

2    modification application (*see* Compl. ¶¶20, 23), however, plaintiff admits his application was

3    denied in April 2013 (¶18).  Moreover, he obtained a loan modification on or around April 2009.

4    (*See* RJN, Ex. I).  Despite receiving a loan modification, plaintiff failed to make payments under

5    the loan prompting Wells Fargo to record a notice of default on August 26, 2011.  (Compl. ¶11; a

6    true and correct copy of the Notice of Default recorded with the San Mateo County Recorder is

7    attached to the RJN as Exhibit H).  The Notice of Default identified a default amount of

8    $14,523.79 as of  August 26, 2011, after defaulting on March 15, 2011.  (*See id.*).  Cal-Western

9    Reconveyance Corp. was substituted as the trustee under the deed of trust on July 22, 2013.

10   (Attached to the RJN as Exhibit I is a true and correct copy of the Substitution of Trustee

11   recorded with the San Mateo County Recorder).  A notice of trustee sale, listing a sale date of

12   October 8, 2013, was recorded on September 17, 2013.  (Compl. ¶23; a true and correct copy of

13   the Substitution of Trustee recorded with the San Mateo County Record is attached to the RJN as

14   Exhibit J).

15   **B.    Plaintiff's Claims Against Wells Fargo**

16          Plaintiff's complaint is centered on purported violations of the Homeowner's Bill of

17   Rights ("HBOR").  Plaintiff alleges that Wells Fargo failed to contact him to explore alternatives

18   to foreclosure prior to recording the 2011 Notice of Default because the declaration attached to

19   the notice is the same declaration attached to a prior notice of default.  According to plaintiff,

20   Wells Fargo was required to contact him again. Plaintiff also alleges that while his June 2013

21   loan modification application was pending, and before Wells Fargo made a written determination

22   as to Plaintiff's eligibility, Wells Fargo recorded a Notice of Trustee's Sale in violation of the

23   statutes.  Finally, plaintiff alleges his single point of contact with the bank did not communicate

24   with plaintiff because she did not answer her phone and therefore could not ensure that Plaintiff

25   was considered for all foreclosure prevention alternative.  According to plaintiff, this failure is a

26   violation of Civil Code §2923.7.  Based on these allegations, plaintiff asserts four claims for

27   relief, each one failing for the reasons briefed herein.

28   / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

### 3.  PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA

Plaintiff's claims for relief are preempted by the federal Home Owners' Loan Act, 12 U.S.C. 1461 *et seq.* ("HOLA").

### A.  World Savings Was a Federally Chartered Federal Savings Bank, Operating Under HOLA at the Time of Loan Origination

World Savings was a federal savings bank regulated by the OTS when the loan was originated in 2008.  (RJN, Ex. C).  HOLA governs the operations of a "federal savings association," which by definition includes federally chartered savings banks.  12 C.F.R. § 541.11.  World Savings' lending operations were therefore governed by HOLA.[2]

### B.  OTS Regulations Promulgated Under HOLA Preempt Any State Laws That Affect Lending

OTS regulations issued pursuant to HOLA are "intended to preempt all state laws purporting to regulate any aspect of the lending operations of a federally chartered savings association, whether or not the OTS has adopted a regulation governing the precise subject of the state provision."  *Lopez v. World Savs. & Loan Ass'n*, 105 Cal. App. 4th 729, 738 (2003); *See* 12 C.F.R. § 545.2.  The preemption analysis under HOLA is simple under the OTS Final Rule at 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996).  Step one determines whether the type of state law at issue appears on the list set forth in 12 C.F.R. § 560.2(b).  If the type of state law in question appears on the list, the analysis ends there and the law is preempted.  There is no step two.  As the Ninth Circuit observed in *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-05 (9th Cir. 2008), the OTS's construction of its own regulation 560.2 "must be given controlling weight."

---

[2]  HOLA still applies even though Wachovia Mortgage, which is now a division of Wells Fargo Bank, N.A. is no longer chartered as a federal savings bank.  *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010) ("Wells Fargo notes that at the time the loan was made to the DeLeons [plaintiffs], 'World Savings Bank, FSB was a federally chartered savings bank organized and operating under HOLA and observes correctly that the same preemption analysis would apply to any alleged misconduct after November 1, 2009, when the lender merged into a national savings banking association.); *Nodari v. Wells Fargo Bank, N.A.*, 2012 US Dist. Lexis 1361, at *8 (defendant could rely on its HOLA preemption defense, although it had given up its federal thrift charter, because it was a federal savings association at the time of the conduct at issue).

1  The Court went on to declare that any presumption against preemption of state law does not

2  apply to HOLA, and that any doubt should be resolved in favor of preemption. *Id.*

3  **C.    State Laws Preempted by HOLA**

4           The *Silvas* Court also described the HOLA regulations as "so pervasive as to leave no

5  room for state regulatory control." *Id.* Among those "pervasive" regulations are OTS

6  regulations 560.2(b)(4), (5), (9) and (10), which preempt state laws that "would impose

7  requirements on federal savings banks regarding":

8           The terms of credit, including amortization of loans and the deferral and
         capitalization of interest and adjustments to the interest rate, balance, payments
9           due, or term to maturity of the loan… 12 C.F.R. § 560.2(b)(4).
         Loan-related fees, including without limitations, initial charges, late charges,
10          prepayment penalties, servicing fees, and overlimit fees; 12 C.F.R. § 560.2(b)(5) .
         . .
11          Processing, origination, servicing, sale or purchase of, or investment or
         participation in, mortgages; . . . 12 C.F.R. § 560.2(b)(10).
12

13 **D.    The Application of HOLA Preempts Plaintiff's State Law Claims**

14          Plaintiff's state law claims relate to "processing" or "servicing" of the loan. Specifically,

15 the state law claims are based on the conduct of Wells Fargo in reviewing, processing, and

16 handling plaintiff's loan and his requests for a loan modification. Case law readily applies

17 HOLA to these kinds of state law claims, regardless of the precise name a plaintiff attaches to

18 them.

19          Recent district courts in the Ninth Circuit are directly on point. For example, the court in

20 *Nga Do v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 126768, *14-16 (C.D. Cal. Aug. 27,

21 2012), ruled that HOLA preempted a fraud claim on similar loan modification allegations:

22          The FAC alleges that someone at Wells Fargo  agreed to modify Plaintiff's loan
         …  HOLA regulation 12 C.F.R. § 560.2(b)(4) encompasses claims pertaining to
23          "adjustments to the interest rate, balance, payments due, or term to maturity of the
         loan" (i.e., loan modifications). Moreover, HOLA regulation 12 C.F.R. §
24          560.2(b)(10) covers claims based on a loan's "processing [or] servicing," which
         would include a bank's consideration of a request for a loan modification…  Like
25          the other courts that have addressed the issue, this Court concludes that Plaintiff's
         state law claims are preempted by HOLA.

26
*Id.* (internal citations omitted); *see also Tuck v. Wells Fargo Home Mortg.*, 2012 U.S. Dist.
27
LEXIS 97777, * 3 (N.D. Cal. July 13, 2012) ("Because Plaintiffs' claims for negligent
28

Anglin Flewelling Rasmussen Campbell & Trytten llp

misrepresentation and for negligence would impose substantive duties on the lender to provide

disclosures, or otherwise regulate the terms of credit or the processing or servicing of mortgage

loans, the claims are preempted by HOLA.")  In *Sharma v. Wachovia*, 2011 U.S. Dist. LEXIS

1736 (E.D. Cal. Jan. 6, 2011), the plaintiff alleged various state law causes of action against

Wachovia Mortgage arising out of, among other things, "Defendant['s] refus[al] to modify the

loan." *Id*. at *2.  Concerning HOLA preemption, the Court ruled: "All four claims are preempted

by HOLA." *Id*. at *6.  The court granted Wachovia's motion to dismiss with prejudice on the

basis of HOLA preemption.  *Id.*  Likewise, in *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S.

Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010), the court rule in favor of HOLA preemption:

> Plaintiffs allege that Defendant advised them on May 4, 5, 6, 7, 11 and 13, 2010
> that the trustee's sale had been cancelled and that Plaintiffs should send more
> information for their loan modification application.  Plaintiffs allege that they
> would have reinstated the loan prior to expiration of the reinstatement period if
> they were informed that the trustee's sale would proceed. ….  The Court finds
> that each of Plaintiffs' state law causes of action - to set aside trustee's sale, to
> cancel trustee's deed, to quiet title, for accounting, estoppel, breach of contract,
> breach of covenant of fair dealing and good faith, fraud, negligence and
> declaratory relief - are preempted by HOLA, as they attack Defendant's disclosure
> and processing, servicing and sale of a mortgage.

*Id.* at *4-8.

Simply put, HOLA preemption cases based on allegations similar to those in the

Complaint are legion.  *See, e.g., Ayala v. World Savings Bank, FSB*, 616 F. Supp. 2d 1007, 1016

(C.D. Cal. 2009) (dismissing fraud claim as preempted by § 560.2); *Johnson v. Wachovia Bank

FSB,* 2012 U.S. Dist. LEXIS 132556, *9 (E.D. Cal. Sept. 17, 2012) ("Plaintiff's state law claims

for violation of the UCL, breach of contract and breach of the implied covenant of good faith and

fair dealing are expressly preempted by the regulations because all of the claims challenge

disclosures, marketing and advertising practices, processing, origination, and terms of credit").

**1.      Claims Concerning Former Civil Code § 2923.5 Are Preempted**

Numerous district courts have ruled that the requirements of Civil Code § 2923.5 are

preempted by HOLA because they fall squarely within § 560.2(b)(10).  *See Young v. World Sav.

Bank, FSB*, 2011 U.S. Dist. LEXIS 143481 * 10 (S.D. Cal. Dec. 13, 2011); *Quintero Family

Trust v. OneWest Bank, F.S.B.*, 2010 U.S. Dist. LEXIS 63659, at *6-7 (S.D. Cal. June 25, 2010).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Similarly, in *Murillo v. Aurora Loan Services, LLC*, 2009 U.S. Dist. LEXIS 61791 (N.D.

2    Cal. July 17, 2009 (Ware, J.)[3], a court dismissed a Section 2923.5 claim, with prejudice, that

3    alleged "Defendants failed to properly file a declaration with their notice of default."  The district

4    court held that "[a]s applied, Plaintiffs' § 2923.5 claim concerns the processing and servicing of

5    Plaintiffs' mortgage.  As such, the Court finds that Plaintiffs' § 2923.5 claim is preempted under

6    HOLA."  *Murillo*, 2009 U.S. Dist. LEXIS at *11.

7    A similar holding was reached in *Nguyen*, 749 F. Supp. 2d 1022.  In *Nguyen*, the

8    borrower alleged that various wrongs were committed during the foreclosure process and based

9    on these purported defects, brought claims for quiet title, wrongful foreclosure, and violation of

10   Civil Code §§ 2923.5 and 2924.  The court found that these claims were preempted by

11   § 560.2(b)(10), because they were based on allegedly improper foreclosure procedures.  *Nguyen*,

12   749 F. Supp. 2d at 1031-33; *see also Giordano v. Wachovia Mortg., FSB*, 2010 U.S. Dist. LEXIS

13   136284, *7 (N.D. Cal. Dec. 14, 2010 (Fogel, J.) (finding that HOLA preempts state laws setting

14   forth procedures for filing a notice of default and conducting a foreclosure sale).

15   **2.    The HBOR Is Preempted By Federal Law**

16   In addressing HOLA preemption of HBOR claims the Court in *Gorton v. Wells Fargo*

17   *Bank  N.A*, 2013 U.S. Dist. LEXIS 86006, *11 (Judge Selna, June 3, 2013, D. Cal. 2013) ruled:

18   > Plaintiff's HBOR claim is based solely on communications regarding and
19   > actions or omissions related to either Plaintiff's application for loan
     > modification, Wells Fargo's denial of that application, or Plaintiff's appeal
     > of the denial. (¶¶ 41-48.) Thus, the Court concludes that it falls within the
20   > preemptive scope of § 560.2(b)(4), which applies to "state laws purporting
     > to impose requirements regarding . . . (4) the terms of credit, . . . including
21   > the circumstances under which a loan may be called due and payable upon
     > the passage of time or a specified event external to the loan." *Id.*
22   > Moreover, were it not within these confines, the Court would have no
     > difficulty concluding that the law "affects lending" and that it is not
23   > otherwise saved from preemption by any subsection (c) category.

24   Given the additional remedies now available to borrowers for alleged violations of the

25

26   _____

     [3]  Recent holdings that rely on *Murillo* include: *Pinales v. Quality Loan Service Corp*., 2010 U.S.
     Dist. LEXIS 2114 (S.D. Cal. Sept. 22, 2010); *Parcray v. Shea Mortg., Inc*., 2010 U.S. Dist.

27   LEXIS 40377, *24 (E.D. Cal. Apr. 23, 2010); *Gonzalez v. Alliance Bancorp*, 2010 U.S. Dist.
     LEXIS 47943, *16 (N.D. Cal. April 19, 2010 (Seeborg, J.); *Odinma v. Aurora Loan Services*,

28   2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010 (LaPorte, J.).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    HBOR, a finding of preemption by HOLA is warranted by the holding in *Mabry v. Superior*

2    *Court*, 185 Cal. App. 4th 208, 226-32 (2010).

3           Prior to January 1, 2013, the *only* remedy available for a violation of the non-judicial

4    foreclosure laws codified under Civil Code §§ 2923.5 and 2924 *et seq*. was equitable relief (*i.e.*,

5    an order enjoining the foreclosure sale (prospectively) or rescinding it (retrospectively)).  There

6    was no right to, for example, a loan modification or monetary damages.  *Mabry*, 185 Cal. App.

7    4th at 232.  As a result, the *Mabry* court held that § 2923.5 was not preempted by HOLA. *Id*. at

8    231.  In beginning its analysis of the preemption issue, the Court of Appeal noted:

9           A remarkable aspect of section 2923.5 is that is appears to have been carefully
             drafted to avoid bumping into federal law, *precisely because it is limited* to
10          affording borrowers only more time when lenders do not comply with the statute.

11   *Id*. at 226 (emphasis added).  The Court appeared to go out of its way to narrowly construe the

12   impact of the requirements set forth in section 2923.5 so as to avoid federal preemption.  "We

13   emphasize that we are able to come to our conclusion that section 2923.5 is not preempted by

14   federal banking regulations because it *is*, or can be construed to be, very narrow."  *Id*. at 231

15   (emphasis in original).  When examining the lender's obligations under the statute to "assess"

16   and "explore," the court held that these words "must be narrowly construed *in order to avoid*

17   *crossing the line* from state foreclosure law into federally preempted loan servicing." *Id*. at 232

18   (emphasis added).[4]  Moreover, the court found that preemption was not warranted "*because the*

19   *remedy for noncompliance is a simple postponement of the foreclosure sale, nothing more*,"  a

20   distinction the court " emphasize[d]."  *Id*. at 214 (emphasis added).

21          Given the substantial additional remedies now available for violation of the HBOR, a

22   narrow interpretation cannot possibly save the statute from preemption. *See* Civil Code §§

23   2924.12, and 2924.17.  These new remedies are quite unlike the limited relief available under

24

25   [4]  In *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522 (2011), the Court of Appeal
      acknowledged that the limited relief available under Civil Code § 2923.5 saved it from colliding
26   with federal preemption.  "However, Civil Code section 2923.5 does not provide for damages, or
      for setting aside a foreclosure sale, nor could it do so without running afoul of federal law, that
27   is, the Home Owners' Loan Act (12 U.S.C. § 1461 et seq.; HOLA), and implementing
      regulations (12 C.F.R. § 560.2(b) (2011))." *Id*. at 526 (citations omitted.)
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    section 2923.5.  For example, Civil Code section 2924.12(b) provides for the imposition of

2    monetary damages against a lender or servicer, up to $50,000: "If the court finds that the material

3    violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer,

4    mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower the

5    greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000)."

6    Additionally, a lender may now be required to pay attorney's fees to a borrower *who merely*

7    *obtained injunctive relief* in an action brought to enforce section 2924.17.  Cal. Civ. Code §

8    2924.12(i).  Even the government may now seek to impose civil penalties, up to $7,500 per

9    mortgage, against a lender for "multiple and repeated uncorrected violations."  Cal. Civ. Code §

10   2924.17(c).  Since the remedies that can be imposed for violation of the HBOR exceed a "simple

11   postponement," it cannot escape preemption under HOLA.  Thus, the newly enacted statute is

12   preempted under federal law and cannot impose any affirmative obligations on Wells Fargo.

13   The claim should be dismissed.

14         To the extent that plaintiffs' HBOR claims relate to the alleged failure to modify the

15   Loan they are likewise preempted by 12 C.F.R. § 560.2(b) (4) "terms of credit" and (10)

16   "Processing, origination [and] sale…of… mortgages."  *Biggins v. Wells Fargo & Co.*, 266

17   F.R.D. 399, 417 (N.D. Cal. 2009) (finding (b)(10) preempts state claim promises directed toward

18   a duty to make a loan modification); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119,

19   1126-1128 (N.D. Cal. 2010) (plaintiffs' claim that the lender proceeded to sale without

20   concluding modification discussions were preempted relating to the "processing" and "servicing"

21   of the subject mortgage); *Sato v. Wachovia Mortg.*, FSB, 2011 U.S. Dist. LEXIS 75418, at *20

22   (N.D. Cal. Jul 13, 2011) (dismissing claim alleging that lender failed to modify her loan, as it

23   "clearly falls under the preemption provisions for 'processing, origination, sale or purchase of ...

24   mortgages' and 'terms of credit.'"); *Zarif v. Wells Fargo Bank, N.A.* 2011 U.S. Dist. LEXIS

25   29867, at **8-9 (S.D. Cal 2011). ("each of Plaintiffs' claims specifically challenge the

26   processing of Plaintiffs' loan modification application and servicing of Plaintiffs' mortgage, and

27   fall within the specific types of preempted state laws listed in § 560.2(b)(4) & (10)…  For this

28   reason alone, the complaint is dismissed…").

1    Thus, the newly enacted statute is preempted under federal law and cannot impose any

2    affirmative obligations on Wells Fargo.  Since all plaintiffs' claims are based upon HBOR, the

3    entire complaint should be dismissed with prejudice.

4        **4.  PLAINTIFF CANNOT PREVAIL ON HIS CLAIM FOR VIOLATION OF**

5                                      **CIVIL CODE § 2923.5**

6    Plaintiff alleges the declaration attached to the 2011 notice of default is insufficient to

7    satisfy the contact requirements of for Civil Code § 2923.5.  The allegations fail as a matter of

8    law.  Civil Code § 2923.5 requires a lender to contact a borrower to discuss foreclosure

9    alternatives, or make a good faith efforts to make that contact conforming to specific "due

10   diligence" parameters, at least 30 days before recording a notice of default.  Cal. Civ. Code

11   § 2923.5.  This section requires certain language that must appear in a NOD.  *See* Cal. Civ. Code

12   §§ 2923.5(a)(2) and 2923.5(g).  Pursuant to Civil Code § 2923.5(b), a declaration of the lender's

13   "due diligence" is required with the recording of a notice of default.  The declaration must

14   "track" the language of Civil Code § 2923.5.  *Mabry v. Superior Court,* 185 Cal. App. 4th 208,

15   235 (2010).  As held by the *Mabry* Court:

16              In light of what we have just said about the multiplicity of persons who
                would necessarily have to sign off on the precise category in section
17              2923.5, subdivision (b) that would apply in order to proceed with
                foreclosure (contact by phone, contact in person, unsuccessful attempts at
18              contact by phone or in person, bankruptcy, borrower hiring a foreclosure
                consultant, surrender of keys), and the possibility that such persons might
19              be employees of not less than three entities (mortgagee, beneficiary, or
                authorized agent), there is no way we can divine an intention on the part of
20              the Legislature that each notice of foreclosure be custom drafted.

21   Here, the Notice of Default includes a declaration stating compliance with the statute.

22   (RJN, Ex. H).  This declaration tracks the language of Civil Code § 2923.5(b) and therefore is in

23   compliance.  *Mabry, supra.* at 235.  Several courts have held that a plaintiffs' conclusory

24   allegations of non-compliance are insufficient to state a claim under § 2923.5 where the Notice

25   of Default contains the required declaration.  *See Juarez v. Wells Fargo Bank, N.A.*, No. CV 09-

26   3104, 2009 U.S. Dist. LEXIS 110892, at *5 (C.D. Cal. Nov. 11, 2009) ("Claim three is dismissed

27   with prejudice because Exhibit F to Plaintiff's FAC shows that Wells Fargo did, indeed, comply

28   with the requirements of Cal. Civ. Code § 2923.5, including providing a declaration with the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   notice of default that it had complied with this section."); *Kamp v. Aurora Loan Servs.*, 2009

2   U.S. Dist. LEXIS 95245, at *6 (C.D. Cal. Oct. 1, 2009) (Plaintiffs' "conclusory assertions are

3   contradicted by the notice of default attached as Exhibit A, which includes the declaration

4   required by section 2923.5").

5   **5.   PLAINTIFF'S CLAIMS UNDER THE NEWLY ENACTED HBOR FAIL FOR A**

6   **NUMBER OF REASONS**

7   **A.      Plaintiff's Claim For Violation Of Section 2923.6 (2nd) Is Without Merit**

8   **1.      Plaintiff Has Previously Defaulted On A Loan Modification So Wells Fargo**

9   **Is Not Required To Re-Review Him Under HBOR**

10   Pursuant to Civil Code § 2923.6, if borrowers receive a loan modification and then

11   default on that loan modification, lenders may proceed with foreclosure.  Cal. Civ. Code §

12   2923.6(c)(3) (foreclosure may proceed if "borrower accepts a written first lien loan modification,

13   but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan

14   modification").

15   Here, plaintiff is not eligible for another loan modification review because he has already

16   accepted, but defaulted on, a prior modification of this loan.  (RJN, Ex. A, ¶17; Ex. I).  Wells

17   Fargo was not, and is not, required to halt the foreclosure process and re-review him for a

18   subsequent modification under § 2923.6.

19   **2.      Plaintiff Is Not Entitled To Relief Under Civil Code Section 2923.6 Because**

20   **He Did Not Comply With The Statutory Requirements**

21   Even if plaintiff had not received a prior modification, he still would not be entitled to the

22   requested relief under HBOR because he has not complied with the requirements of the statute

23   regarding loan modifications. The relevant portion of § 2923.6 provides that a mortgage servicer

24   is not required to re-review an application for a loan modification "unless there has been a

25   material change in the borrower's financial circumstances since the date of the borrower's

26   previous application *and that change is documented by the borrower and submitted to the*

27   *mortgage servicer.*"  Cal. Civ. Code § 2923.6(g) (emphasis added).

28   Here, plaintiff failed to plead any evidence of a change of circumstances, or that he

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*documented* this change of circumstances to Wells Fargo. (Compl. ¶19). The failure to actually "document" this change, as is required by the Code, is fatal to plaintiff's claim. There can be no ambiguity about what it means to 'document' something. *See* Mirriam-Webster, "English Dictionary," (2012) ("To document: to provide something that serves as evidence or proof.") Thus, it was (and is) necessary for plaintiff to provide actual evidence of this material change— which he did not. Plaintiff needed to "document" his change in financial circumstances with concrete and tangible evidence. Any other reading of the plain language of this statute would run afoul of the English language and divest the word "document" of its plain and commonsense meaning. "We give the words of the statute 'a plain and commonsense meaning' unless the statute specifically defines the words to give them a special meaning. If the statutory language is clear and unambiguous, our task is at an end, for there is no need for judicial construction. *MacIsaac v. Waste Mgmt. Collection and Recycling, Inc.*, 134 Cal. App. 4th 1076, 1083 (2005) (*citing Flannery v. Prentice*, 26 Cal.4th 572, 577 (2001)). Since the statue did not specially define the word "document," it must be given its ordinary English meaning.

Here, there is no evidence that plaintiff had any material change, or presented documents concerning that material change to Wells Fargo in regards to any of his loan modification requests. Actual documentation of the "material change" is required – something plaintiff did not do here. In light of this, plaintiff has not complied with the statute, defeating any possible claim he may have.

**B.      Plaintiff's Civil Code § 2923.7 Claim (3rd) Fails Because The Allegations Are Meritless**

Plaintiff alleges that Wells Fargo violated California Civil Code § 2923.7, which mandates a single point of contact. Here, as briefed previously, the HBOR is not applicable to plaintiff's claims for a violation of Civil Code § 2923.5, as the alleged activity occurred prior to the initiation of the HBOR. *Guglielmelli*, at *10-11. Moreover, lenders and loan servicers are not required to volunteer a single point of contact to every single borrower. Borrowers must affirmatively request a "single point of contact." The statute states: "Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   establish a single point of contact and provide to the borrower one or more direct means of

2   communication with the single point of contact."  Cal. Civ. Code § 2923.7(a).

3       Here, the complaint lacks any facts that plaintiff ever requested a single point of contact.

4   Moreover, even if he had, plaintiff admits that the bank did in fact establish a single point of

5   contact.  (*See* Compl. ¶¶12-23).

6       Lastly, plaintiff claims that this single point of contact did not communicate with plaintiff

7   because she purportedly did not answer her phone and therefore could not ensure that Plaintiff

8   was considered for all foreclosure prevention alternative.  (Compl. ¶¶48-55).  However, nowhere

9   in § 2923.7 does it mandate that "communicate" means via the telephone, and plaintiff in fact

10  admits that he was in contact with the single point of contact. (¶16).

11  **C.    Wells Fargo Is In Compliance With The National Mortgage Settlement And Is**

12  **Therefore Protected Under The Safe Harbor Provisions Of Civil Code § 2924.12.**

13      Civil Code § 2924.12 provides a safe harbor provision under the newly adopted HBOR.

14  Pursuant to § 2924.12, Civil Code § 2923.6 does not apply as long as Wells Fargo is in

15  compliance with the terms of the National Mortgage Settlement ("NMS").  A signatory to the

16  NMS who is in compliance with the NMS "shall have no liability for a violation of Section

17  2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11 or 2924.17" as long as the signatory is in

18  compliance with the relevant terms.  Civil Code § 2924.12(g); *see also Winterbower, supra,* at

19  **10-11.

20      Here, Wells Fargo is a signatory to the NMS.  (A true and correct copy of the NMS is

21  attached t to the RJN As Exhibit K).  And the complaint is devoid of an allegation that Wells

22  Fargo's failed to comply with the NMS.  As such, Wells Fargo's participation in the NMS

23  insulates it from liability under the HBOR.

24  **6.   PLAINTIFF'S FOURTH CLAIM FOR VIOLATION OF BUS. & PROF. CODE**

25  **§17200 FAILS BECAUSE PLAINTIFF FAILED TO ALLEGE ANY UNLAWFUL,**

26  **UNFAIR OR FRAUDULENT CONDUCT, AND LACKS STANDING TO ASSERT**

27  **THIS CLAIM**

28  Incorporating his previous allegations, plaintiff claims that defendants "breach of the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   convent of good faith", violations of California Civil Code § 2923.5, § 2923.6, and § 2923.7

2   amounts to a violation of §17200.  (Compl. ¶¶56-63).

3       The UCL  precludes any unlawful, unfair, or fraudulent business act or practice. To state

4   a Section 17200 violation, plaintiff must allege specific facts showing ongoing unlawful, unfair,

5   and fraudulent business acts on the part of the defendant.  *Korea Supply Co. v. Lockheed Martin*

6   *Corp.*, 29 Cal. 4th 1134, 1143 (2003); *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619

7   (1993).

8       The "unlawful" prong of the UCL applies where a practice is "forbidden by law, be it

9   civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made."  *Saunders v.*

10  *Super. Ct.*, 27 Cal. App. 4th 832, 838-839 (1994) (citation omitted).  In short, the UCL

11  "borrows" violations of other laws and authorizes a separate action pursuant to the UCL.  *See*

12  *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 393 (1992).

13      The "unfair" prong applies when the practice at issue allegedly violates "the policy or

14  spirit of [anti-trust] laws because its effects are comparable to a violation of the law, or that

15  otherwise significantly threatens or harms competition."  *Cel-Tech Commc'ns, Inc., v. L.A.*

16  *Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).

17      The "fraudulent" prong applies where a business act or practice actually misleads a

18  plaintiff.  *See Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 849 (2008).  A plaintiff alleging unfair

19  business practices under the UCL "must state with reasonable particularity the facts supporting

20  the statutory elements of the violation."  *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th

21  612, 619 (1993).  Thus a complaint must provide facts to describe the manner in which the

22  conduct was unlawful, unfair or fraudulent.  *Id.*

23      As briefed above, every claim asserted against Wells Fargo fails.  Since plaintiff has no

24  viable claims against Wells Fargo, he is not able to borrow from those violations to assert a UCL

25  claim.  Moreover, plaintiff's UCL claim also fails for a lack of standing.  "In order to have

26  standing to sue under section 17204, it is not enough for a private person to have suffered an

27  injury in fact.  Nor is it enough to establish standing if one has lost money or property.  After

28  Proposition 64, a private person has standing to sue under the UCL only if that person has

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  suffered injury and lost money or property 'as a result of such unfair competition.' (§ 17204,

2  italics added.)  Thus, a private person has no standing under the UCL unless that person can

3  establish that the injury suffered and the loss of property or money resulted from conduct that fits

4  within one of the categories of 'unfair competition' in section 17200." *Daro v. Superior Court*,

5  151 Cal. App. 4th 1079, 1098 (2007).

6  **7.   PLAINTIFF IS NOT ENTITLED TO EQUITABLE RELIEF BECAUSE HE FAILED**

7  **TO TENDER THE AMOUNT OF HIS OUTSTANDING DEBT**

8  Plaintiff seeks injunctive relief for these alleged violations.  (*See* Compl. at 11).  To

9  enjoin a foreclosure sale, debtors must make a valid and viable tender of the full outstanding

10  indebtedness.  *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (the tender

11  requirement applies "to any cause of action for irregularity in the sale procedure"); *Gaffney v.*

12  *Downey Sav. & Loan*, 200 Cal. App. 3d 1154, 1165 (1988) (tender of full debt is a prerequisite to

13  enjoining a foreclosure).  Mere offers to tender, or tender offers of less than the full amount

14  required, is insufficient to satisfy the tender requirement.  For example, in *Stebley v. Litton Loan*

15  *Servicing, LLP*, 202 Cal. App. 4th 522, 526 (2011), the court sustained a demurrer to a wrongful

16  foreclosure claim without leave to amend.  "Assuming plaintiffs otherwise had a viable claim

17  attacking the sale, the second amended complaint merely alleged ***offers*** to tender."  *Id.*

18  (emphasis in original).  "The rules which govern tenders are strict and are strictly applied . . . ."

19  *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003).

20  Here, even though plaintiff knows of his delinquency, he offers no evidence that he has

21  tried to pay the amounts reflected in the notices.  "Nothing short of the full amount due the

22  creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full

23  amount."  *Rauer's Law etc. Co. v. S. Proctor Co.*, 40 Cal. App. 524, 525 (1919).  Since plaintiff

24  has not tendered the indebtedness, he cannot obtain injunctive relief.

25

26  / / /

27  / / /

28  / / /

1    / / /

2    / / /

3                            **8.   <u>CONCLUSION</u>**

4          For the foregoing reasons, Wells Fargo respectfully requests that the Court grant the

5    motion in its entirety without leave to amend.

6                                        Respectfully submitted,

7    Dated:  October 31, 2013            ANGLIN, FLEWELLING, RASMUSSEN,
                                         CAMPBELL & TRYTTEN LLP
8

9                                        By: _____
10                                            E. Christine Hehir
                                              chehir@afrct.com
11                                       Attorneys for Defendant WELLS FARGO BANK,
                                         N.A., successor by merger with Wells Fargo Bank
                                         Southwest, N.A., formerly known as WACHOVIA
12                                       MORTGAGE, FSB, formerly known as World
                                         Savings Bank, FSB ("Wells Fargo")
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

     I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

     On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6)**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System:**

*Counsel for Plaintiff:*

Matthew D. Mellon
Jessica Galleta
MELLEN LAW FIRM
411 Borel Avenue, Suite 230
San Mateo, California 94402
Tel:  (650) 638-0120 | Fax:  (650) 638-0125

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on **October 31, 2013**.

| | |
|---|---|
|     Marianne Mantoen | */s/ Marianne Mantoen* |
| (Type or Print Name) | (Signature of Declarant) |

CERTIFICATE OF SERVICE

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP