Robert A. Bailey (# 214688)
  rbailey@afrct.com
E. Christine Hehir (# 201969)
  chehir@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone: (626) 535-1900
Facsimile:  (626) 577-7764

Attorneys for Defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT QUINTERO, an individual, | CASE NO.: 3:13-CV-04937-JSC |
| Plaintiff, | [The Honorable Jacqueline S. Corley] |
| vs. | **DEFENDANT WELLS FARGO BANK, N.A.'S REPLY TO PLAINTIFF'S OPPOSITION TO WELLS FARGO'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6)** |
| WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WACHOVIA MORTGAGE, FSB FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB; a business entity; and DOES 1 through 50, inclusive, | |
| Defendants. | **HEARING**<br>Date:   **January 16, 2014**<br>Time:  **9:00 a.m.**<br>Ctrm:  **F, 15th Floor** |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD HEREIN:**

Defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as WACHOVIA MORTGAGE, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") submits the within reply to the opposition of Plaintiff

1 ROBERT QUINTERO ("plaintiff") to Wells Fargo's motion to dismiss the complaint

2 (Document No. 11 ("Motion")).

3                                       Respectfully submitted,

4 Dated: December 18, 2013      ANGLIN, FLEWELLING, RASMUSSEN,
                                            CAMPBELL & TRYTTEN LLP

5

6                                 By:   */s/ E. Christine Hehir*

7                                     E. Christine Hehir
                                    chehir@afrct.com

8                         Attorneys for Defendant WELLS FARGO BANK,
                        N.A., successor by merger with Wells Fargo Bank

9                         Southwest, N.A., formerly known as Wachovia
                        Mortgage, FSB, formerly known as World Savings

10                       Bank, FSB ("Wells Fargo")

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................1
1. INTRODUCTION ...............................................................................................................1
2. WELLS FARGO'S MOTION IS PROPERLY BEFORE THE COURT ...........................1
3. PLAINTIFF'S ENTIRE COMPLAINT IS PREEMPTED BY HOLA .............................4
4. PLAINTIFF'S OPPOSITION DOES LITTLE TO SALVAGE PLAINTIFF'S CLAIM FOR A VIOLATION OF CIVIL CODE §2923.5 ..................................................7
5. PLAINTIFF CANNOT PREVAIL ON HIS CLAIM UNDER CIVIL CODE § 2923.6..................................................................................................................................7
6. PLAINTIFF'S CIVIL CODE § 2923.7 CLAIM REMAINS FLAWED ............................9
7. THE OPPOSITION FAILS TO ADDRESS THE FATAL FLAWS WITH THE UCL CLAIM ........................................................................................................................9
8. CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Anaya v. Advisors Lending Group*,
2009 U.S. Dist. LEXIS 68373 (E.D. Cal. Aug. 3 2009) ................................................................. 10

*Arellano v. Vogel*,
2010 U.S. Dist. LEXIS 136258 (N.D. Cal. Dec. 14, 2010) ............................................................. 2

*Blau v. AT&T Mobility*,
2012 U.S. Dist. LEXIS 217 (N.D. Cal. Jan. 3, 2012) ..................................................................... 2

*Caovilla v. Wells Fargo Bank, N.A.*,
2013 U.S. Dist. LEXIS 70143 (N.D. Cal. May 16, 2013) ........................................................... 4, 5

*CERF SPV I, LLC v. Cherokee Inv., Partners III, L.P.*,
2012 U.S. Dist. LEXIS 27223 (N.D. Cal. Mar. 1, 2012) ............................................................ 2, 3

*M.H. v. County of Alameda*,
2013 U.S. Dist. LEXIS 55902 (N.D. Cal. Apr. 17, 2013) .......................................................... 2, 3

*McCormick v. Travelers Ins. Co.*,
1998 U.S. Dist. LEXIS 6054 (N.D. Cal. Apr. 28, 1998) ................................................................. 2

*Murillo v. Aurora Loan Servs., LLC*,
2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009) ............................................................... 5

*Nga Do v. Wells Fargo Bank, N.A.*,
2012 U.S. Dist. LEXIS 126768 (C.D. Cal. Aug. 27, 2012) ............................................................ 5

*Nguyen v. Wells Fargo Bank, N.A.*,
749 F. Supp. 2d 1022 (N.D. Cal. 2010) ..................................................................................... 4, 5

*Odinma v. Aurora Loan Servs.*,
2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010) .............................................................. 5

*Ortiz v Wells Fargo Bank N.A.*,
2011 U.S. Dist. LEXIS 58243 (N.D. Cal. May 27, 2011) .............................................................. 5

*Osorio v. Wachovia Mortgage, FSB*,
2012 U.S. Dist. LEXIS 64600 (S.D. Cal. May 8, 2012) ................................................................. 4

*Osorio v. Wells Fargo Bank*,
2012 U.S. Dist. LEXIS 72719 (N.D. Cal. May 24, 2012) .............................................................. 5

*Rieger v. Wells Fargo Bank*,
2013 U.S. Dist. LEXIS 58232 (N.D. Cal. Apr. 23, 2013) ........................................................... 4, 5

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Sacchi v. Mortgage Elec. Registration Sys.*,
   2011 U.S. Dist. LEXIS 68007 (C.D. Cal. June 24, 2011) ..................................................10

*Silvas v. E*Trade Mortgage Corp.*,
   514 F.3d 1001 (9th Cir. 2008) ..........................................................................................6

*Stefan v. Wachovia, World Savings*,
   2009 U.S. Dist. LEXIS 113480 (N.D. Cal. Dec. 7, 2009) .................................................5

*Taquinod v. World Savings Bank, FSB*,
   2010 U.S. Dist. LEXIS 127677 (C.D. Cal. Dec. 2, 2010) .................................................4

**STATE CASES**

*Kasky v. Nike, Inc.*,
   27 Cal. 4th 939 (2002) ......................................................................................................9

*Mabry v. Superior Court*,
   185 Cal. App. 4th 208 (2010) .......................................................................................4, 5

**STATE STATUTES**

Cal. Civil Code § 2923.5 ..............................................................................................4, 5, 7

Cal. Civil Code § 2923.6 ..............................................................................................5, 7, 8

Cal. Civil Code § 2923.7 ......................................................................................................9

**RULES**

Local Rule 7-7(e) .........................................................................................................1, 2, 3

**REGULATIONS**

12 C.F.R. § 560.2 .............................................................................................................5, 6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

This action arises from a loan made by Wells Fargo's predecessor, World Savings Bank, to plaintiff in 2006 secured by a deed of trust on real property. Wells Fargo modified the loan in 2009. Plaintiff has not made a payment on the loan since March 2011. Wells Fargo initiated a foreclosure, but has not yet completed the sale.

Plaintiff's attempt to modify the loan was denied in April 2013, but plaintiff challenges Wells Fargo's ability to foreclose. Plaintiff alleges Wells Fargo failed to comply with various provisions of the recently enacted Homeowner's Bill of Rights ("HBOR"). As discussed in the motion, and here, plaintiff cannot prevail on any of his claims. First and foremost, the HBOR is federally preempted as it imposes obligations on lenders in violation of the Home Owner's Loan Act. ("HOLA"). Moreover, plaintiff otherwise fails to demonstrate Wells Fargo did not comply with the statutes.

Plaintiff's opposition cannot avoid the defects identified by Wells Fargo's in its motion to dismiss and in the instant reply. The motion should, respectfully, be granted.

## 2. WELLS FARGO'S MOTION IS PROPERLY BEFORE THE COURT

Plaintiff stresses in his opposition that Wells Fargo's instant motion is untimely and this Court should strike the motion because it has unduly burdened this Court and prejudiced plaintiff in forcing him to file an opposition to Wells Fargo's first motion to dismiss (Document No.5) and to the instant Motion. (*See* Opp. at 1:11-26, 3:24 through 4:15). Plaintiff admits Wells Fargo's initial motion to dismiss was timely, yet objects to Wells Fargo's withdrawal of that motion (*see* Document No. 10) and filing of the subsequent Motion. However, there is no basis to strike the instant motion.

Wells Fargo was within its rights to withdraw the motion under Local Rule 7-7(e). Indeed, it did so when it learned its Request for Judicial Notice ("RJN") in support of its motion to dismiss had not been filed due to a clerical error. Plaintiff's opposition noted that Wells Fargo relied on the missing RJN and, indeed, objected to all arguments on which it relied. (*See* Document No. 9 at 1:16-:18 and 8:12-:16). Local Rule 7-7(e), however, provides that the

1 withdrawal should be filed within the time a reply would be due. With sincere apologies to the
2 Court and to counsel, counsel for Wells Fargo withdrew the motion six days after the deadline
3 under the Local Rule.

4 This Court has authority to accept a late withdrawal of a motion. *See Blau v. AT&T*
5 *Mobility,* 2012 U.S. Dist. LEXIS 217, *1-4 (N.D. Cal. Jan. 3, 2012) (Breyer, J.) (Rule 7-7(e)
6 "does not restrict the actions of the Court. The Rule states, 'Upon the filing of a timely
7 withdrawal, the motion will be taken off-calendar. Otherwise, the Court may proceed to decide
8 the motion.' Civil L.R. 7-7(e). If the Court was obligated to decide the motion, the Rule would
9 presumably use the word 'shall' and not 'may.'"). Indeed, this Court accepted the withdrawal
10 when it took the motion to dismiss off-calendar. (*See* Docket).

11 Courts permit a late withdrawal of a motion particularly when the withdrawal will save
12 judicial resources and where no party is prejudiced. *See*, *e.g., M.H. v. County of Alameda,* 2013
13 U.S. Dist. LEXIS 55902, *11-14 (N.D. Cal. Apr. 17, 2013) (Tigar, J.). This is especially true
14 where refusing to permit a late withdrawal which would force the court to rule on a motion
15 which would result in a waste of the parties and the court's resources. *See, e.g., Blau* 2012 U.S.
16 Dist. LEXIS 217 at *1-4 (permitting withdrawal finding that "forcing the parties to litigate the
17 jurisdictional motion, particularly given the merits of the motion to compel arbitration discussed
18 herein, would be a poor use of the parties' and the Court's resources"); *see also CERF SPV I,*
19 *LLC v. Cherokee Inv., Partners III, L.P.*, 2012 U.S. Dist. LEXIS 27223 (N.D. Cal. Mar. 1, 2012)
20 (Vadas, M.J.) (granted untimely withdrawal of a motion to quash one day before the hearing
21 where plaintiff was seeking to enforce discovery on third party subpoena; court noted the
22 subpoenas and motion to quash violated the district court's scheduling order, the plaintiff should
23 have filed an OSC for contempt for failure to respond to subpoena; opposing party objected and
24 sought fees; court was concerned gamesmanship in discovery); *Arellano v. Vogel*, 2010 U.S.
25 Dist. LEXIS 136258 (N.D. Cal. Dec. 14, 2010) (Hamilton, J.) (defendant moved to withdraw
26 motion to dismiss one day before the hearing. order granting motion to remand, to which
27 defendant had also withdrawn its opposition, rendered motion to dismiss moot); *but see*
28 *McCormick v. Travelers Ins. Co.*, 1998 U.S. Dist. LEXIS 6054 (N.D. Cal. Apr. 28, 1998) (court

1  struck plaintiffs' withdrawal of motion to remand; remanded the action to state court due to the
2  failure to consent to the removal by of one of the co-defendants).

3  In *M.H. v. County of Alameda,* 2013 U.S. Dist. LEXIS 55902, *11-14 (N.D. Cal. Apr. 17,
4  2013) (Tigar, J.), defendant filed a motion to dismiss to which plaintiff had filed an opposition.
5  After the reply was due, defendant filed a second motion on its behalf and on behalf of another
6  defendant. The defendant did not withdraw the first motion to dismiss. Plaintiff opposed the
7  second motion, within which contained an objection to the filing of the second motion. The
8  court noted defendant's failure to withdraw the first motion under Local Rule 7-7(e) and its
9  failure to provide any explanation for the failure to withdraw the motion and file the second
10 motion. However, the court held that it would "consider and decide Defendants' second motion
11 to dismiss because there will be no prejudice to Plaintiffs from the Court doing so." *Id.* (The
12 court noted there was no prejudice to plaintiff in the court deciding the second motion as plaintiff
13 had already responded to the second motion and the motions were not very different from each
14 other).

15 Here, Wells Fargo withdraw its first motion because ruling on it would be rendered
16 meaningless without Wells Fargo's RJN. The RJN is integral to the motion to dismiss because it
17 includes documents which are necessary for a determination of the motion, including a
18 modification agreement between the parties which potentially disposes of a number of plaintiff's
19 claims. If the Court were to rule on the motion without the RJN, the Court might deny the
20 motion to dismiss because it does not have a full and complete picture, not because there is no
21 merit to the motion. Moreover, like the defendants' motion in *MH*, Wells Fargo's second motion
22 is substantially similar to the first motion. It relies on the same legal arguments in opposition to
23 plaintiff's complaint. Indeed, the primary change is the inclusion of the RJN (though Wells
24 Fargo did augment the legal authority and analysis).

25 Finally, the withdrawal was not filed for any improper purpose and there is no need for
26 the court to fear that Wells Fargo is engaged in any gamesmanship. *See CERF SPV I, LLC v.*
27 *Cherokee Inv., Partners III, L.P.*, 2012 U.S. Dist. LEXIS 27223. Here, Wells Fargo's original
28 motion is meritorious. Despite plaintiff's argument to the contrary, Wells Fargo provided ample

authority to support its first motion to dismiss. However, because Wells Fargo inadvertently did not file the RJN, and plaintiff objected to all of Wells Fargo's arguments which relied on the documents of which Wells Fargo sought to take judicial notice, Wells Fargo was faced with a decision on how to proceed. Wells Fargo's decision to withdraw the motion, and to re-file a motion appropriately supported by an RJN, after plaintiff filed its opposition was otherwise proper.

To the extent the Court agrees with plaintiff that the instant motion is untimely, Wells Fargo notes that had it answered, it would then have the right to file a motion for judgment on the pleadings. As the standard for a motion for a judgment on the pleadings is substantially similar to the standard for a motion dismiss, there would be no prejudice to plaintiff in accepting the second motion. Indeed, striking the instant motion would add unnecessary burdens on this Court and on the parties in leading to additional duplicative briefing.

Wells Fargo respectfully requests the Court rule on the instant motion to dismiss and overrule plaintiff's objections to the instant motion.

### 3. **PLAINTIFF'S ENTIRE COMPLAINT IS PREEMPTED BY HOLA**

Plaintiff's first argument that HOLA does not preempt California foreclosure laws – including former Civil Code § 2923.5 – is largely unsupported. (*See* Opp. at 6:5-:18 and 7:15 through 8:8). District courts considering that statute, including this one, have held that Section 2923.5 was preempted, both before and after *Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010). *See Rieger v. Wells Fargo Bank*, 2013 U.S. Dist. LEXIS 58232 (N.D. Cal. Apr. 23, 2013) ("this Court has previously dismissed Section 2923.5 claims as preempted by HOLA with prejudice" citing *Giordano v. Wachovia Mort.*, FSB, 2010 U.S. Dist. LEXIS 136284, 2010 WL 5148428, at * 5 (N.D. Cal., Dec. 14, 2010), wherein the court dismissed a "Section 2923.5 claim without leave to amend as preempted by HOLA"); *accord Caovilla v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 70143 (N.D. Cal. May 16, 2013) (same); *see also Taquinod v. World Savings Bank, FSB,* 2010 U.S. Dist. LEXIS 127677, at *20 (C.D. Cal. Dec. 2, 2010); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022 (N.D. Cal. 2010); *Osorio v. Wachovia Mortgage, FSB*, 2012 U.S. Dist. LEXIS 64600, at *9 (S.D. Cal. May 8, 2012) (claims affecting the

foreclosure process, including "claims for violation of California Civil Code §§ 2924, 2923.5, and 2923.6 are preempted by HOLA"); *Murillo v. Aurora Loan Servs., LLC*, 2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009) ("[a]s applied, Plaintiffs' § 2923.5 claim concerns the processing and servicing of Plaintiffs' mortgage. As such, the Court finds that Plaintiffs' § 2923.5 claim is preempted under HOLA"); *Odinma v. Aurora Loan Servs.*, 2010 U.S. Dist. LEXIS 28347, at *23 (N.D. Cal. Mar. 23, 2010) (The Court held that a § 2923.5 claim "concerns the processing and servicing of Plaintiff's mortgage and is therefore preempted by HOLA"); *Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022 (N.D. Cal. 2010), *Nga Do v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 126768, at *14-16 (C.D. Cal. Aug. 27, 2012) ("The FAC alleges that Wells Fargo [violated] Civil Code § 2923.5(g)(3), thereby rendering the subsequent foreclosure void. However, HOLA regulation 12 C.F.R. § 560.2(b)(4) encompasses [such] claims"); *Stefan v. Wachovia, World Savings,* 2009 U.S. Dist. LEXIS 113480, at **8-9 (N.D. Cal. December 7, 2009) ("To the extent that these state laws are applicable to the foreclosure process or the loan agreement itself, they are expressly preempted by section 560.2(b)").

Plaintiff ignores the authority cited in the motion to dismiss, and this Court's prior rulings[1], holding the non-judicial foreclosure statutes are preempted to the extent they fall under § 560.2(b), affecting lending and servicing. Instead, plaintiff relies on *Osorio v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 72719 (N.D. Cal. May 24, 2012) and *Ortiz v Wells Fargo Bank N.A.*, 2011 U.S. Dist. LEXIS 58243, * 8 (N.D. Cal. May 27, 2011), for the premise that preemption does not apply to any non-judicial foreclosure statutes. (*See* Opp. 6:6-:19 and 7:15-8:8). Wells Fargo respectfully submits that the holdings in both cases miss the mark because, on their face, the foreclosure statues affect lending and servicing of loans and the impact cannot reasonably be characterized as being incidental. Even the California Court of Appeal in *Mabry* would have found the newly enacted statutes federally preempted. (*See* Motion at 9-10 citing *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 226-32 (2010)).

---

[1] *Rieger,* 2013 U.S. Dist. LEXIS 58232 and *Caovilla,* 2013 U.S. Dist. LEXIS 70143.

Plaintiff misapprehends the proper preemption analysis as prescribed by the Ninth Circuit in the seminal case of *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001 (9th Cir. 2008). (*See* also Motion at 6). If a state law claim fits within one of the categories of § 560.2(b), HOLA preempts the claim. There is no second step. Thus the balancing test that occurs under § 560.2(c), and on which plaintiff bases a portion of his opposition (*see* Opp. at 6:16-7:14), would simply not be reached. *Silvas*, 514 F.3d at 1005. Plaintiff ignores § 560.2(b) and skips straight to paragraph (c) of 12 C.F.R. § 560.2, contending that preemption does not apply to claims under HBOR. (*See* Opp. at 6:16-7:14). As noted in the motion to dismiss, *Silvas* rejects that approach, as the exception of § 560.2(c) only comes into play when, unlike here, the type of state law in question is *not* listed in 12 C.F.R. § 560.2(b). *Silvas,* 514 F. 3d at 1005-06. In *Silvas*, the court declined to consider the appellant's argument that unfair competition and advertising claims fit within the § 560.2(c) exception, since they were based on types of state laws listed in § 560.2(b)(9). *Id.* at 1006.

Here, just as in *Silvas*, plaintiff's claims are based on types of state laws enumerated in § 560.2(b). Among other things, the claims in this action fit squarely within 12 C.F.R. § 560.2(b)(4) ("the terms of credit, including . . . adjustments to the interest rate, balance [and] payments due…") and § 560.2(b)(10) ("processing [and] servicing . . . of . . .mortgages"). As noted in Section 3(E) of the motion to dismiss, the complaint clearly challenges the bank's procedures concerning the loan modification review process, along with Wells Fargo's right to foreclose after attempts to collect mortgage payments. Here, as in the above cases, preemption is appropriate under 12 C.F.R. §§ 560.2(b)(4) and (10), because plaintiffs' claims impose modification review and loan servicing requirements that are far beyond those contemplated by the OTS. Thus, the HOLA analysis ends and plaintiff's claims are preempted. On this basis alone, Wells Fargo's motion to dismiss should be granted without leave to amend.

When the appropriate field preemption analysis is applied to this case, it becomes clear that plaintiff's state law claims are preempted. If not preempted, such claims would have more than an incidental impact on lending activity, effectively allowing borrowers to rewrite their terms of credit and thwart the beneficiary's servicing rights, including the right of a lender to

1 enforce its security interest and conduct a non-judicial foreclosure. Since HOLA preemption
2 applies, it serves to negate all of plaintiff's claims that are based on HBOR.

### 4. PLAINTIFF'S OPPOSITION DOES LITTLE TO SALVAGE PLAINTIFF'S CLAIM FOR A VIOLATION OF CIVIL CODE §2923.5

As discussed in the motion, and above, plaintiff's claim for a violation of former Cal. Civil Code § 2923.5 is preempted by HOLA. Notwithstanding HOLA preemption, the claim falls for additional reasons as well: plaintiff concedes he has been in contact with the lender to explore alternatives to foreclosure, concedes he was contacted by the lender when he defaulted previously, and concedes his current default. As such, plaintiff cannot demonstrate that he was injured by any purported flaws in the notice of default. Indeed, his argument that he has suffered "irreparable injury from the imminent loss of his Property" as a result of Wells Fargo's actions is simply without any support. (*See* Opp. at 10:3-:5). Plaintiff has not suffered any harm as a result of Wells Fargo's actions: any alleged injury stems from his failure to make the loan payments. Moreover, as also discussed in the motion, the only remedy under former Civil Code § 2923.5 is a postponement of the trustee sale. As plaintiff is not seeking a postponement, and is only seeking damages, he cannot prevail on this claim.

### 5. PLAINTIFF CANNOT PREVAIL ON HIS CLAIM UNDER CIVIL CODE § 2923.6

The Opposition does not salvage plaintiff's claim for violation of Cal. Civil Code § 2923.6. (*See* Opp. at 10-12). Plaintiff acknowledges he is not entitled to another evaluation for a loan modification unless there has been a material change in his financial circumstances since his previous application and that change is documented and submitted to Wells Fargo. (*See* Opp. at 11:16 through 12:11). He argues, however, that he has submitted an application documenting a material change in financial circumstances. Plaintiff nevertheless fails to establish a violation of § 2923.6. (*See id.*).

Plaintiff's opposition seeks to clarify the allegations regarding the timing of the appeal and the submission of documents evidencing a material change in financial circumstances. (*See* Opp. at 11:20-:24). However, this clarification of the allegations does not save plaintiff's claim. Plaintiff fails to allege the statute applied. For instance, plaintiff alleges that when Wells Fargo

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  denied his modification application in April 2013, the incorrect monthly income was used to
2  process the application. Plaintiff learned this in April 2013, when the application was denied.
3  Yet according to plaintiff's opposition, plaintiff apparently waited until May 22, 2013, after the
4  denial was "confirmed," to inform Wells Fargo of the error. (*See* Opp. at 11:20-:24). Then
5  plaintiff waited until June 17, 2013 to submit an application with documents reflecting the
6  correct income. As argued in Wells Fargo's motion to dismiss, plaintiff fails to demonstrate a
7  material change in his income *subsequent* to the prior denial. The income figure provided by
8  plaintiff in June, by plaintiff's own admission, was the income that should have been used to
9  process the application. The time to present Wells Fargo with any errors in the processing of the
10 application would be during the appeal process, during the time within which plaintiff had an
11 opportunity to be reviewed. However, plaintiff waited an additional two months after the denial
12 to present Wells Fargo with the correct income. Thus plaintiff had an opportunity to be reviewed
13 for a modification based on this stated income. For whatever reason, plaintiff apparently failed
14 to provide Wells Fargo with that correct income or supporting documents during that review and
15 again during the appeal of the denial. Based on these allegations, § 2923.6(g) would not be
16 triggered – Wells Fargo had satisfied its obligations to review plaintiff for a loan modification.
17 A first lien modification was not pending when the notice of trustee sale was recorded. There
18 was no violation of the statute.

19       Additionally, plaintiff argues his June submission to Wells Fargo and the
20 acknowledgment of receipt of documents by a Wells Fargo employee are sufficient to
21 demonstrate that a complete application had been received pursuant to § 2923.6(h). (*See* Opp. at
22 11:24 through 12:11). However, as plaintiff had already been reviewed, and denied, an
23 application would only be pending, and complete, if plaintiff provided Wells Fargo with
24 documents evidencing a change in financial circumstances as discussed above. Wells Fargo
25 failed to do so. Thus, contrary to plaintiff's argument, Wells Fargo would indeed need to deem
26 the application complete before an application in this situation would be "pending" for purposes
27 of the statute. (*See* Opp. at 11:24 though 12:11). An employee's acknowledgement of receipt of
28 documents would be insufficient under this factual scenario where plaintiff's application was

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 denied and where the documents he submitted do not evidence a change in financial
2 circumstances subsequent to his prior denial.

### 6. PLAINTIFF'S CIVIL CODE § 2923.7 CLAIM REMAINS FLAWED

As argued in the motion and above, HOLA preempts this HBOR claim. Regardless, Cal. Civil Code § 2923.7 does not apply where plaintiff does not have a pending loan modification application. As discussed above, plaintiff had been denied his loan modification application in April. According to plaintiff, the appeal was denied (or confirmed) in May 2013. Wells Fargo complied with any obligations under the statute: plaintiff was reviewed for a loan modification. While plaintiff arguably is entitled to another modification review if he submits and documents evidence of a change in financial circumstances, plaintiff's allegations reveal that plaintiff did not do so. (*See* discussion above). Instead, plaintiff apparently submitted documents of income from his prior application. This is not a material change in financial circumstances subsequent to his prior denial. Plaintiff had his opportunity to present his "correct" income to the lender. His failure to do so does not entitle him to an endless round of modification applications to delay the foreclosure sale. As there was no application pending, § 2923.7 does not apply.

### 7. THE OPPOSITION FAILS TO ADDRESS THE FATAL FLAWS WITH THE UCL CLAIM

Plaintiff admits this claim is tethered to his remaining claims. (*See* Opp. at 15:14-:21). As discussed in the motion and the reply, plaintiff cannot prevail on any of the underlying claims. As such, this claim too should be dismissed.

Plaintiff also fails to plead standing for this claim. While plaintiff argues Wells Fargo's conduct has caused plaintiff's actual damages, including the imminent loss of the property, this is not sufficient for a UCL claim. (*See* Opp. at 15:9-:14). As discussed in the motion, the imminent loss of the property is a result of plaintiff's failure to make payments on the loan. (*See* Opp. at 15:9-:14). This is not due to any act of Wells Fargo.

In addition, this claim fails because tender is absolutely essential to maintain a UCL claim because only equitable remedies are available to private litigants under this statutory scheme and plaintiff failed to tender any of the arrears on the loan. *See e.g.*, *Kasky v. Nike, Inc.*,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  27 Cal. 4th 939, 950 (2002) (only injunctive relief and restitution are available under the UCL).
2  The opposition discusses *Sacchi v. Mortgage Elec. Registration Sys.*, 2011 U.S. Dist. LEXIS
3  68007, *28 (C.D. Cal. June 24, 2011), a wrongful foreclosure case in which the district court
4  explained that the tender rule is not without exceptions, and that it would be "grossly
5  inequitable" to require borrowers to tender the balance of their mortgage before allowing them to
6  challenge a foreclosure. (Opp. 16:19-17:4). Yet in the instant action, Wells Fargo maintains that
7  plaintiff cannot even tender the amount of his loan arrearages – in other words, the delinquency
8  on the mortgages which he has failed to pay since July 2011. Given plaintiff's failure to pay his
9  mortgage for over two years as well as his failure to reinstate his loan, his inability to tender even
10  a portion of the delinquency is manifest. *Anaya v. Advisors Lending Group*, 2009 U.S. Dist.
11  LEXIS 68373, *27 (E.D. Cal. Aug. 3 2009) (failure to make monthly payments reflects an
12  inability to tender the debt owed). For this reason, allowing the equitable claims to survive
13  would not only be unfair, but a waste of judicial resources.

## 8. CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court grant the motion in its entirety without leave to amend.

Respectfully submitted,

Dated: December 18, 2013

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By: */s/ E. Christine Hehir*
E. Christine Hehir
chehir@afrct.com
Attorneys for Defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as WACHOVIA MORTGAGE, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo")

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY TO PLAINTIFF'S OPPOSITION TO WELLS FARGO'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6)**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System:**

*Counsel for Plaintiff:*

Matthew D. Mellon
Jessica Galleta
MELLEN LAW FIRM
411 Borel Avenue, Suite 230
San Mateo, California 94402
Tel: (650) 638-0120 | Fax: (650) 638-0125

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on **December 18, 2013**.

| Christine Daniel | */s/ Christine Daniel* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |