Robert A. Bailey (# 214688)
rbailey@afrct.com
Christine Hehir (# 201969)
chehir@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone: (626) 535-1900
Facsimile: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT QUINTERO, an individual,

Plaintiffs,

v.

WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WACHOVIA MORTGAGE, FSB FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB; a business entity; and DOES 1 through 50, inclusive,

Defendants.

CASE NO.: 3:13-CV-04937-JSC

[Assigned to Magistrate Jacqueline S. Corley]

**DEFENDANT WELLS FARGO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DOC #19)**

Defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo"), answers the first amended complaint ("FAC") on file herein and admits, denies, and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1. Answering Paragraph 1, Defendant notes that this paragraph contains legal arguments and conclusions not requiring a response. To the extent this paragraph contains any

factual allegations, Defendant denies them as written.

2. Answering Paragraph 2, Wells Fargo notes that this paragraph consists of legal arguments and conclusions concerning jurisdiction and venue, which do not require a response. As for the statement that Wells Fargo has "violat[ed] California State Law", Wells Fargo denies this allegation. Wells Fargo denies that it engaged in any unlawful conduct with respect to the mortgage or real property that is the subject of this action.

3. Answering Paragraph 3, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

4. Answering Paragraph 4, Wells Fargo admits Wells Fargo is the successor in interest to World Savings Bank, FSB and is the beneficiary of the Subject Loan.

5. Answering Paragraph 5, Wells Fargo is without sufficient information or belief to answer the allegations concerning possible co-defendants to this action, and on that basis it denies the allegations.

6. Answering Paragraph 6, Wells Fargo notes that this paragraph consists of legal arguments and conclusions concerning personal jurisdiction, which do not require a response. Nevertheless, Wells Fargo admits this Court has jurisdiction of this matter.

**AGENCY ALLEGATIONS**

7. Answering Paragraph 7, this paragraph consists of legal arguments and conclusions regarding agency, and as such, it does not require a response. To the extent this paragraph alleges any facts, Wells Fargo denies them as written.

**STATEMENT OF FACTS**

8. Answering Paragraph 8, Wells Fargo admits that on or around October 23, 2006, plaintiff obtained a $640,000 a refinance home loan from Wells Fargo's predecessor, World Savings Bank, FSB. The loan was memorialized in a promissory note and secured by a deed of trust against the subject property.

9. Answering Paragraph 9, Wells Fargo admits the allegations of this paragraph.

10. Answering Paragraph 10, the subject notice of default and notice of rescission speaks for itself. To the extent this paragraph contains any factual allegations, Defendant lacks

sufficient information or belief to answer and on that basis denies them as written.

11. Answering Paragraph 11, the subject notice of default and declaration speaks for itself.

12. Answering Paragraph 12, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

13. Answering Paragraph 13, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written. Wells Fargo admits Deshon Ramsey is a Wells Fargo Mortgage home preservation specialist who assisted plaintiff at some point.

14. Answering Paragraph 14, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

15. Answering Paragraph 15, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

16. Answering Paragraph 16, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written. Wells Fargo admits Monique Vera is a Wells Fargo Mortgage home preservation specialist who assisted plaintiff at some point.

17. Answering Paragraph 17, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

18. Answering Paragraph 18, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

19. Answering Paragraph 19, Wells Fargo admits plaintiff appealed a decision on his application to modify his loan in April 2013; Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

20. Answering Paragraph 20, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

21. Answering Paragraph 21, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

22. Answering Paragraph 22, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

23. Answering Paragraph 23, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

24. Answering Paragraph 24, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

25. Answering Paragraph 25, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

26. Answering Paragraph 26, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

27. Answering Paragraph 27, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

**FIRST CAUSE OF ACTION**

**(Violations of Cal. Civil Code §2923.5)**

28. Answering Paragraph 28, Wells Fargo refers to and incorporates its responses from paragraphs 1 through 27 above.

29. Answering Paragraph 29, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

30. Answering Paragraph 30, Wells Fargo notes that this paragraph contains legal arguments and conclusions not requiring a response. The notice of default speaks for itself. To the extent that facts are alleged, Wells Fargo denies them as written.

31. Answering Paragraph 31, Wells Fargo notes that this paragraph contains legal arguments and conclusions not requiring a response. To the extent that facts are alleged, Wells Fargo denies them as written.

32. Answering Paragraph 32, the notice of default speaks for itself. Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

33. Answering Paragraph 33, Wells Fargo denies the allegations of this paragraph.

34. Answering Paragraph 34, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

35. Answering Paragraph 35, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

**SECOND CAUSE OF ACTION**

**(Violations of Cal. Civil Code §2923.6)**

36. Answering Paragraph 36, Wells Fargo refers to and incorporates its responses from paragraphs 1 through 35 above.

37. Answering Paragraph 37, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

38. Answering Paragraph 38, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

39. Answering Paragraph 39, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

40. Answering Paragraph 40, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

41. Answering Paragraph 41, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

42. Answering Paragraph 42, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

43. Answering Paragraph 43, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

44. Answering Paragraph 44, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

45. Answering Paragraph 45, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

46. Answering Paragraph 46, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

47. Answering Paragraph 47, Wells Fargo is without sufficient information or belief to answer the allegations, and on that basis it denies these allegations as written.

48. Answering Paragraph 48, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

49. Answering Paragraph 49, the subject notice of trustee's sale speaks for itself. To the extent this paragraph contains any factual allegations, Defendant denies them as written.

50. Answering Paragraph 50, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

51. Answering Paragraph 51, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

**THIRD CAUSE OF ACTION**

**(Violations of Cal. Civil Code §2923.7)**

52. Answering Paragraph 52, Wells Fargo refers to and incorporates its responses from paragraphs 1 through 51 above.

53. Answering Paragraph 53, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

54. Answering Paragraph 54, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

55. Answering Paragraph 55, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

56. Answering Paragraph 56, Wells Fargo notes that this paragraph consists of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

57. Answering Paragraph 57, Wells Fargo notes that this paragraph consists of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

58. Answering Paragraph 58, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are alleged, Wells Fargo denies them as written.

59. Answering Paragraph 59, Wells Fargo denies the allegations of this paragraph.

60. Answering Paragraph 60, Wells Fargo denies the allegations of this paragraph.

## FOURTH CAUSE OF ACTION

**(Unfair Competition - Violation of Business and Professions Code §17200 *et seq.*)**

61. Answering Paragraph 61, Wells Fargo refers to and incorporates its responses from paragraphs 1 through 60 above.

62. Answering Paragraph 62, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are stated, Wells Fargo denies them as written.

63. Answering Paragraph 63, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are stated, Wells Fargo denies them as written.

64. Answering Paragraph 64, Wells Fargo notes that this paragraph consists entirely

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

of legal arguments and conclusions not requiring a response. To the extent any facts are stated, Wells Fargo denies them as written.

65. Answering Paragraph 65, Wells Fargo denies the allegations of this paragraph.

66. Answering Paragraph 66, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are stated, Wells Fargo denies them as written.

67. Answering Paragraph 67, Wells Fargo notes that this paragraph consists entirely of legal arguments and conclusions not requiring a response. To the extent any facts are stated, Wells Fargo denies them as written.

68. Defendant Wells Fargo denies Plaintiff is entitled to the relief requested by his prayer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. AS A SEPARATE DEFENSE, neither the complaint nor any claim in the complaint states facts sufficient to constitute a cause of action against Wells Fargo.

### SECOND AFFIRMATIVE DEFENSE

(Default)

2. AS A FURTHER SEPARATE DEFENSE, the loan at issue is secured by a deed of trust which is in default. Accordingly, Wells Fargo was entitled to exercise its power of sale and to report plaintiff's missed payments to credit agencies.

### THIRD AFFIRMATIVE DEFENSE

(Full Satisfaction and/or Excuse from Performance)

3. AS A FURTHER SEPARATE DEFENSE, Wells Fargo has fully satisfied any obligation to plaintiff, contractual or otherwise, and/or has been excused from performance thereof due to the conduct of plaintiff.

/ / /

/ / /

FOURTH AFFIRMATIVE DEFENSE

(Lack of Tender)

4. AS A FURTHER SEPARATE DEFENSE, plaintiff is not entitled to equitable relief and cannot maintain any claim challenging the non-judicial foreclosure process unless and until she tenders the full amount of indebtedness owed to Wells Fargo.

FIFTH AFFIRMATIVE DEFENSE

(Preemption by the Fair Credit Reporting Act)

5. AS A FURTHER SEPARATE DEFENSE, plaintiff's claims are preempted by the Fair Credit Reporting Act to the extent they challenge Wells Fargo's credit reporting activities.

SIXTH AFFIRMATIVE DEFENSE

(Federal Preemption)

6. AS A FURTHER SEPARATE DEFENSE, any purported claim based upon an alleged violation of California law by Wells Fargo related to servicing or real property security is preempted by the Home Owners' Loan Act of 1933, 12 U.S.C. § 1461, *et seq.,* including 12 U.S.C. § 1464, and the implementing regulations established by the Department of the Treasury's Office of Thrift Supervision, and found, *inter alia*, at 12 C.F.R. § 560.2.

SEVENTH AFFIRMATIVE DEFENSE

(Outside Scope of Authority)

7. AS A FURTHER SEPARATE DEFENSE, any purported misrepresentation by Wells Fargo's employees, agents or representatives was outside the scope of their authority and was neither authorized by, nor ratified by Wells Fargo, nor did Wells Fargo create ostensible authority for such conduct.

EIGHTH AFFIRMATIVE DEFENSE

(Statute of Frauds)

8. AS A FURTHER SEPARATE DEFENSE, any purported oral representation by Wells Fargo's employees, agents or representatives is barred by the statute of frauds.

/ / /

/ / /

NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

9. AS A FURTHER SEPARATE DEFENSE, plaintiff's alleged injuries and damages, if any, were aggravated by plaintiff's failure to use reasonable diligence to mitigate them. As a result, any damages awarded to plaintiff should be reduced accordingly.

TENTH AFFIRMATIVE DEFENSE

(Causation)

10. AS A FURTHER SEPARATE DEFENSE, the complaint and each cause of action contained therein is barred because any alleged harm to plaintiff was proximately caused by plaintiff's own conduct or negligence, or the conduct or negligence of third parties over whom Wells Fargo exercised no control or authority and for whom it has no legal responsibility. Plaintiff's recovery, if any, should be reduced in proportion to the fault of plaintiff and/or such third parties.

ELEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

11. AS A FURTHER SEPARATE DEFENSE, plaintiff is estopped by action of law or by conduct from maintaining the causes of actions filed in this case.

TWELFTH AFFIRMATIVE DEFENSE

(Justification and Privilege)

12. AS A FURTHER SEPARATE DEFENSE, the complaint and each cause of action contained therein is barred because any and all dealings that Wells Fargo had with plaintiff with respect to the matters alleged in the complaint were fully justified by the circumstances and the conduct of plaintiff or others, as to which defendant Wells Fargo has a privilege to protect its interests in the loan, or as otherwise privileged by state or federal statute.

THIRTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

13. AS A FURTHER SEPARATE DEFENSE, the complaint and each cause of action contained therein is barred by the doctrine of unclean hands.

FOURTEENTH AFFIRMATIVE DEFENSE

(Third Party Liability)

14. AS A FURTHER SEPARATE DEFENSE, any obligation of defendant Wells Fargo is reduced in whole or part due to the actions or omissions of third parties which caused plaintiff's damages, if any.

FIFTEENTH AFFIRMATIVE DEFENSE

(Setoff)

15. AS A FURTHER SEPARATE DEFENSE, Wells Fargo is entitled to a setoff against any damages by virtue of any debts owed by plaintiff to Wells Fargo.

SIXTEENTH AFFIRMATIVE DEFENSE

(Comparative Fault)

16. AS A FURTHER SEPARATE DEFENSE, the claims against Wells Fargo are reduced *pro tanto* by the comparative fault of plaintiff.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Laches)

17. AS A FURTHER SEPARATE DEFENSE, the complaint is barred by the doctrine of laches due to plaintiff's prejudicial delay in asserting her purported claims.

EIGHTEENTH AFFIRMATIVE DEFENSE

(Statutes of Limitations)

18. AS A FURTHER SEPARATE DEFENSE, the claims against Wells Fargo are barred by the applicable statutes of limitations.

NINETEENTH AFFIRMATIVE DEFENSE

(Attorneys' Fees)

19. Pursuant to the promissory note and deed of trust signed by plaintiff, Wells Fargo is entitled to add its attorneys' fees and costs to the principal balance of the loan at issue.

TWENTIETH AFFIRMATIVE DEFENSE

(Reliance)

20. AS A FURTHER SEPARATE DEFENSE, Wells Fargo is informed and believes

that plaintiff did not rely, reasonably or otherwise, on any act or omission of Wells Fargo.

TWENTY-FIRST AFFIRMATIVE DEFENSE

(Waiver)

21. AS A FURTHER SEPARATE DEFENSE, the First Amended Complaint is barred by the doctrine of waiver.

TWENTY-SECOND AFFIRMATIVE DEFENSE

(Assumption of Risk)

22. Plaintiff's alleged damages, if any, were the direct and proximate result of risks knowingly assumed.

TWENTY-THIRD AFFIRMATIVE DEFENSE

(Unjust Enrichment)

23. AS A FURTHER SEPARATE DEFENSE, granting plaintiff's demand in the First Amended Complaint would result in plaintiff receiving a monetary benefit that he is not entitled to receive.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Compliance with former Civil Code § 2923.5)

24. AS A FURTHER SEPARATE DEFENSE, plaintiff is barred from any recovery because, if required, Wells Fargo complied with former Civil Code § 2923.5.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Unauthorized Remedy)

25. AS A FURTHER SEPARATE DEFENSE, plaintiff is barred from recovering damages for a purported violation of former Civil Code § 2923.5 and he has exhausted the only available remedy.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Lack of Remedy)

26. AS A FURTHER SEPARATE DEFENSE, plaintiff fails to state a claim for which a remedy exists at law.

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(No Duty To Provide Loan Modification)

27. AS A FURTHER SEPARATE DEFENSE, the first cause of action for violation of former Civil Code § 2923.5 fails to the extent that it seeks to compel Wells Fargo to provide a loan modification. Indeed, there is no federal or California law that compels a lender to modify a loan.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

28. Defendant Wells Fargo reserves the right, upon completion of its investigation and discovery, to assert such additional defenses that may be appropriate.

TWENTY-NINTH AFFIRMATIVE DEFENSE

(Safe Harbor)

29. Pursuant to Civil Code § 2924.12(g), a signatory of the National Mortgage Settlement shall have no liability for an alleged violation of Civil Code §§ 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17.

**PRAYER**

WHEREFORE, defendant Wells Fargo prays for judgment against plaintiff as follows:

1. That plaintiff take nothing from this action;
2. That the first amended complaint be dismissed with prejudice;
3. For costs of suit;
4. For attorneys' fees incurred herein; and
5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 7, 2014

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ Christine Hehir
Christine Hehir
chehir@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A.

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DOC #19)**

on the interested parties in said case as follows:

**Served Electronically**
**Via the Court's CM/ECF System**

*Counsel for Plaintiff:*

Matthew D. Mellon
Jessica R. Galleta
Eunji Cho
MELLEN LAW FIRM
411 Borel Avenue, Suite 230
San Mateo, California 94402
Tel: (650) 638-0120 | Fax: (650) 638-0125
Jessica Ryan Galletta mellenlaw@yahoo.com
Matthew David Mellen mellenlaw@yahoo.com
Eunji Cho mellenlaw@yahoo.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on March 7, 2014.

| Marianne Mantoen | */s/ Marianne Mantoen* |
| --- | --- |
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP