UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT QUINTERO,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER TO WACHOVIA MORTGAGE, FSB FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB,<br><br>Defendant. | Case No. 13-cv-04937-JSC<br><br>**ORDER RE: MOTION TO WITHDRAW AS ATTORNEY OF RECORD**<br><br>Re: Dkt. No. 45 |

Presently before the Court is the motion of the Mellen Law Firm to withdraw as counsel of record for Plaintiff Robert Quintero. (Dkt. No. 45.) Plaintiff has not responded to the motion. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed a statement of non-opposition to Plaintiff's counsel's motion to withdraw. (Dkt. No. 46.)

This case, initiated in October of 2013, concerns a loan that Wells Fargo's predecessor made to Plaintiff in 2006 secured by a deed of trust in real property. (Dkt. No. 1.) As set forth in the First Amended Complaint ("FAC") that Plaintiff filed after the Court granted in part and denied in part Defendant's first motion to dismiss (Dkt. No. 18), Wells Fargo modified the loan in 2009. In 2011, after Plaintiff defaulted on the modified loan, Wells Fargo initiated foreclosure proceedings. In the FAC, Plaintiff challenges the foreclosure, alleging that Wells Fargo's actions with respect to his property—in particular, Defendant's review of Plaintiff's request for an additional loan modification—have failed to comply with California's non-judicial foreclosure statutes, including the Homeowner's Bill of Rights ("HBOR") and constitute an unfair business practice in violation of the California Business and Professions Code. (*See* Dkt. No. 19.)

The Court issued a scheduling order on April 18, 2014, directing the parties to complete fact discovery by March 10, 2015; ordering the parties to complete mediation by October of 2014;

1   and scheduling a jury trial to begin on August 31, 2015.  (Dkt. Nos. 40, 42, 44.)  A further status
2   conference is set for January 15, 2015 (Dkt. No. 40).

3   Under the Court's Civil Local Rules, "[c]ounsel may not withdraw from an action until
4   relieved by order of the Court after written notice has been given reasonably in advance to the
5   client and to all other parties who have appeared in the case."  Civ. L.R. 11-5(a); *Dist. Council No.*
6   *16 No. Cal. Health & Welfare Trust Fund v. Lambard Enters., Inc.*, No. C 09-05189 SBA, 2010
7   WL 3339446, at *1 (N.D. Cal. Aug. 24, 2010) (citations omitted).  The Local Rule further
8   provides that "[w]hen withdrawal by an attorney from an action is not accompanied by
9   simultaneous appearance of substitute counsel or agreement of the party to proceed pro se, leave to
10  withdraw may be subject to the condition that papers may continue to be served on counsel for
11  forwarding purposes, unless and until the client appears by other counsel or pro se."  Civ. L.R. 11-
12  5(b).

13  The decision to permit withdrawal of counsel is within the trial court's discretion.  *See*
14  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real Estate,*
15  *Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982).  Courts ruling on motions to withdraw have considered,
16  among other things, "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may
17  cause to other litigants; (3) the harm withdrawal may cause to the administration of justice; and (4)
18  the degree to which withdrawal will delay the resolution of the case."  *Irwin v. Mascott*, No. 97-
19  4737, 2004 U.S. Dist. LEXIS 28264, at *3 (N.D. Cal. Dec. 1, 2004).  In this District, courts also
20  consider the standards of professional conduct required of members of the State Bar of California
21  when determining whether counsel may withdraw representation.  *See, e.g.*, *U.A. Local 342 Joint*
22  *Labor-Mgmt. Comm. v. So. City Refrigeration, Inc.*, No. C-09-3219 JCS, 2010 WL 1293522, at *3
23  (N.D. Cal. Mar. 31, 2010); *Cal. Native Plant Soc'y v. U.S. EPA*, No. C 06-3604 PJH, 2008 WL
24  4911162, at *1 (N.D. Cal. Nov. 14, 2008).  Under California Rule of Professional Conduct 3-
25  700(C)(1)(d), an attorney may request permission to withdraw on the basis of "conduct [that]
26  renders it unreasonably difficult for the [attorney] to carry out the employment effectively."  Cal.
27  Rule of Prof. Conduct 3-700(C)(1)(d).

28  The lack of a cooperative relationship between an attorney and her client may justify the

United States District Court
Northern District of California

attorney's withdrawal.  *See, e.g.*, *U.A. Local 342*, 2010 WL 1293522, at *3; *McClintic v. U.S. Postal Serv.*, No. 1:13-cv-00439-LJO-GSA, 2014 WL 51151, at *3 (E.D. Cal. Jan. 7, 2014) (collecting cases in which a client's failure to cooperate or communicate effectively with counsel justified the attorney's motion to withdraw).  However, "withdrawal is only proper if the client's interest will not be unduly prejudiced or delayed." *McClintic*, 2014 WL 51151, at *2 (citation omitted).

Here, the Mellen Law Firm has given written notice to Plaintiff of its motion to withdraw (*see* Dkt. No. 45-2), and it now seeks leave of Court to withdraw as counsel.  As grounds for withdrawal, the Mellen Law Firm indicates that there is "an irretrievable breakdown of the relationship" and "a serious and irreconcilable conflict of interest between the Mellen Law Firm and Plaintiff" that prevent further representation.  (Dkt. No. 45 at 1.)  The firm does not provide any further details in an attempt to avoid providing "details that might jeopardize the attorney client privilege[.]"  (*Id.*)  Notably, these facts are set forth solely in the motion itself, and the Local Rules of the Court require that any factual contentions be supported by an affidavit or declaration.  *See* Civ. L.R. 7-5.  Accordingly, the Mellen Law Firm is hereby ORDERED to file by January 12, 2015, a declaration setting forth the grounds for withdrawal.  To the extent that the Mellen Law Firm is concerned that such declaration may reveal privileged communications, it may request to file the declaration under seal for in camera review only.  The Court will address the Mellen Law Firm's motion to withdraw as counsel at the January 15, 2015 status conference.  Accordingly, the January 22, 2015 hearing is hereby VACATED.  Further, the Mellen Law Firm shall advise Plaintiff that his motion to withdraw will be discussed at the January 15 status conference and that Plaintiff should attend the conference.

**IT IS SO ORDERED**.

Dated:  January 6, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge