1

2

3                          UNITED STATES DISTRICT COURT

4                         NORTHERN DISTRICT OF CALIFORNIA

5

6    ROBERT QUINTERO,                          Case No.  13-cv-04937-JSC
                    Plaintiff,
7
                                               **ORDER GRANTING MOTION TO
8         v.                                   WITHDRAW**

9    WELLS FARGO BANK, N.A.                     Dkt. No. 45
     SUCCESSOR BY MERGER TO
10   WACHOVIA MORTGAGE, FSB
     FORMERLY KNOWN AS WORLD
11   SAVINGS BANK, FSB,

12                  Defendant.

13         Presently before the Court is the motion of the Mellen Law Firm to withdraw as counsel of

14   record for Plaintiff Robert Quintero.  (Dkt. No. 45.)  Defendant Wells Fargo Bank, N.A. ("Wells

15   Fargo") filed a statement of non-opposition to Plaintiff's counsel's motion to withdraw.  (Dkt. No.

16   46.)  In response to the orders of the Court (Dkt. Nos. 47, 49), and in support of its motion, the

17   Mellen Law Firm has filed a declaration setting forth the grounds for withdrawal.  (Dkt. No. 50.)

18   Plaintiff has since stipulated to the Mellen Law Firm's withdrawal and has represented that he will

19   proceed in this matter pro se until he retains substitute counsel.  (Dkt. No. 60.)

20         As set forth in the Court's prior order, the decision to permit withdrawal of counsel is

21   within the trial court's discretion.  *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir.

22   2009); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982).  Courts

23   ruling on motions to withdraw have considered, among other things, "(1) the reasons why

24   withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm

25   withdrawal may cause to the administration of justice; and (4) the degree to which withdrawal will

26   delay the resolution of the case."  *Irwin v. Mascott*, No. 97-4737, 2004 U.S. Dist. LEXIS 28264, at

27   *3 (N.D. Cal. Dec. 1, 2004).  In this District, courts also consider the standards of professional

28   conduct required of members of the State Bar of California when determining whether counsel

*United States District Court*
*Northern District of California*

may withdraw representation.  *See, e.g.*, *U.A. Local 342 Joint Labor-Mgmt. Comm. v. So. City Refrigeration, Inc.*, No. C-09-3219 JCS, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010); *Cal. Native Plant Soc'y v. U.S. EPA*, No. C 06-3604 PJH, 2008 WL 4911162, at *1 (N.D. Cal. Nov. 14, 2008).  Under the California Rules of Professional Conduct, an attorney may request permission to withdraw if the client "breaches an agreement or obligation to the member as to expenses or fees" or on the basis of "conduct [that] renders it unreasonably difficult for the [attorney] to carry out the employment effectively."  Cal. Rule of Prof. Conduct 3-700(C)(1)(d), (f).  However, "withdrawal is only proper if the client's interest will not be unduly prejudiced or delayed." *McClintic*, 2014 WL 51151, at *2 (citation omitted).

Here, Matthew Mellen of the Mellen Law Firm has filed a sworn declaration noting that "Mellen Law Firm and Plaintiff have reached an intractable disagreement over [ ] attorneys' fees, which resulted in an irretrievable breakdown of the relationship which prevents Mellen Law Firm from being able to represent Plaintiff.  It is also true that Plaintiff does not wish to incur any additional attorneys' fees."  (Dkt. No. 50 ¶ 4.)  These reasons support a finding of good cause to grant Plaintiff's counsel leave to withdraw representation.  Furthermore, given the procedural posture of this case, there will be no prejudice to Plaintiff from his counsel's withdrawal.  In particular, under the terms of the parties' conditional settlement, Plaintiff has agreed to dismiss the action if Defendant offers an acceptable loan modification.  (*See id.* ¶ 7.)  This litigation has been stayed while Defendant conducts its review, which is ongoing.  (*Id.*)  Although the parties indicate that the conditional settlement is unlikely to resolve this matter such that further litigation will be necessary, there are no deadlines yet in place—certainly none looming near that might need to be extended.  In other words, counsel is not leaving Plaintiff in a lurch with fast-approaching deadlines.  Under these circumstances, there is no reason to believe that granting the Mellen Law Firm's motion to withdraw might otherwise prejudice Plaintiff or delay this action.  Indeed, Plaintiff stipulates to the Mellen Law Firm's withdrawal and will proceed pro se until he has acquired funding to retain substitute counsel.  (Dkt. No. 60 at 1.)  Thus, each of the factors addressed in *Irwin* support withdrawal.  *Irwin*, 2004 U.S. Dist. LEXIS 28264, at *3.

Accordingly, the Mellen Law Firm's motion to withdraw is hereby GRANTED.  The Case

United States District Court
Northern District of California

1  Management Conference previously set for March 26, 2015 at 2:00 p.m. will proceed as

2  scheduled, with counsel for Defendant appearing by telephone and Plaintiff appearing pro se.

3      This Order disposes of Docket No. 45.

4      **IT IS SO ORDERED**.

5  Dated:  March 25, 2015

6

7  JACQUELINE SCOTT CORLEY
   United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California